### *ADAMS* vs. *GAYNARD.*

APPEAL from the court of the sixth district.

n a jury
ed for,
proper
ce ad
, or
rejec-
ie case
anded.

MARTIN, J. delivered the opinion of the
court. The plaintiff claims a slave in the
defendant's possession; the latter pleaded
the general issue, prescription and title.—
He had a verdict and judgment, and the
plaintiff appealed.

Our attention is drawn to five bills of ex-

ceptions.   1.  The first is taken by the plain-
tiff to the opinion of the court in permitting
a witness to be sworn to prove the amount
of certain debts due on notes and receipts'
on the ground that the notes and receipts
were neither produced nor accounted for.

We think the court erred, the written be-
ng the best evidence.

2. The next was on the court permitting
a bond of Richard Adams, to the sheriff of
Avoyelles, for the production into court of a
certain slave, supposed to be the one sued
for, to be read in evidence.

We think the court erred.   Richard Ad-
ams not being the plaintiff, nor a party to
the suit, and it being not pretended that he
acted by the authority of the plaintiff, the
latter could not be bound by any act of the
former.

3. The next was to the introduction, by
the defendant, of the plaintiff's receipt to a
person thro' whom the slave is claimed by
the defendant.   The plaintiff's counsel
urged that this document was irrelevant and
offered to establish a set off against the de-
mand of a slave.

We think the court did not err. The paper was proper testimony to establish the ratification of the sale by the plaintiff's receipt of the price.

4. The fourth was to the introduction of a transfer of the slave from Doughty, and a subrogation of the latter's claim on the plaintiff to the defendant.

We think the court erred. as the title to the slave, in Doughty. nor his power to sell him were shewn, and as the debts to which the defendant was subrogated are not the object of the present suit.

5. The fifth was to the defendant's being allowed to give in evidence a conversation between the plaintiff and Doughty, in which the former ratified and confirmed the sale made by the latter of the slave sued for.

We think the court erred. The ratification or confirmation of the sale of a slave, is a covenant tending to the disposal of him, and no parol evidence can be received of it. *Civ. code* 304, *art.* 241.

The last was to the introduction of evidence of a conversation between the plaintiff and Doughty, at the time the former signed certain receipts to the latter.

We think the court erred. A receipt is

an act, and no evidence can be received of
what is said before, at the time of signing
an act or since    *Id. art.* 242.

We are pressed by the plaintiff's counsel
to act on the evidence on the record, after
rejecting the part of it that was irregularly
admitted.

The defendant having prayed for a jury,
has a right to have the facts acted on by
them. He, perhaps, had a right to think
the evidence legal, when the court admitted
it, and had it been rejected he might have
supplied its defect by other evidence.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district
court be annulled, avoided and reversed, the
verdict set aside, and the case remanded,
with directions to the judge not to permit
parol evidence to go to the jury of the
amount of debts, ascertained by notes and
receipts, neither produced nor accounted
for, nor of the conversations of the plaintiff
tending to establish the sale of a slave, or
of what he said at the time he signed a re-

West'nDis'ct
October 1826

ADAMS
vs
GAYNARD.

ceipt. And it is ordered that the defendant and appellee pay costs in this court.

*Boyce* for the plaintiff, *Bullard* for the defendant.